1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

SKANSKA USA BUILDING INC., a
Delaware Corporation,

10

Plaintiff,

NO.

11

v.

12

1200 HOWELL STREET, LLC, a
Washington limited liability company,

COMPLAINT FOR DECLARATORY
JUDGMENT

13

14

Defendant.

15

Skanska USA Building Inc. ("Skanska") states and alleges the following:

16

## I.   JURISDICTION AND VENUE

17

18

1.1     This Court has subject matter jurisdiction pursuant to 28 U.S.C § 2201,

19

The Uniform Declaratory Judgment Act, as well as 28 U.S.C. § 1332 over Skanska's

20

claim because the claim is between citizens of different states and the amount in

21

controversy exceeds the sum or value of $75,000, exclusive of interest or costs.

22

Skanska's state of incorporation is Delaware, and its principal place of business is in

23

Parsippany, New Jersey. Personal jurisdiction exists over 1200 Howell Street, LLC

24

25

("Howell") and Howell is a citizen of Washington because Washington is Howell's state

COMPLAINT FOR DECLARATORY
JUDGMENT – 1
177183.4 / 022968.34

Ahlers
Cressman &
Sleight PLLC

999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

of incorporation and the location of Howell's principal place of business. Venue is proper because the contract at issue covers transactions taking place in Seattle, WA.

## II.    PARTIES

2.1    **Plaintiff.** Skanska is, and at all times material to this action was, a Delaware corporation conducting business in King County, Washington. Skanska is a licensed contractor under Washington laws and has met all other prerequisites to maintain this action.

2.2    **Defendant.** Howell is, and all times material to this action was, a Washington limited liability company conducting business and with its principal place of business in King County, Washington.

## III.    FACTS

3.1    Skanska and Howell (collectively, the "Parties") entered into an agreement dated March 17, 2017 ("Contract") for Skanska to serve as the general contractor for the construction of a mixed-use condominium project located at the Northwest corner of Howell Street and Minor Avenue (the "Project"). The Project consists of the construction of 389 condominium units, 318 parking stalls, and 3,000 square feet of ground floor retail space. The Project is currently ongoing.

### a.    Relevant Contract Terms

3.2    The Parties' Contract is a negotiated Guaranteed Maximum Price ("GMP") contract with a GMP at the time of execution of $152,858,010. The GMP was established through Exhibit C to the Contract, which itemized the components of work

COMPLAINT FOR DECLARATORY
JUDGMENT – 2
177183.4 / 022968.34



Ahlers
Cressman &
Sleight PLLC
999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

and the corresponding line item values comprising the GMP. The GMP included a 2.5%
base fee ("Base Fee") to Skanska on each line item composing the Cost of the Work.

     3.3     The Contract included work to be "self-performed" by Skanska as the
general contractor, as well as work to be performed by trade subcontractors. The GMP
included, in relevant part, line items of $19,350,000 for concrete work, $2,346,000 for
structural steel work, and $1,295,000 for metal stair work ("Self-Perform Line Items").
The Self-Perform Line Items included additional fee in addition to the 2.5% Base Fee.
This additional fee in the Self-Perform line items is included within the GMP.

     3.4     The first sentence of the Contract's General Conditions at GC-20 provides
that the Owner (Howell) agrees that the labor rates set forth in Exhibit D to the Contract
are an "Actual Cost" of the work.  These negotiated and agreed upon rates were to be
considered actual costs and were not subject to audit. GC-20 provides as follows:

> The Owner agrees that the rates, multipliers and other fixed percentages
> and fixed amounts it has agreed to that the Contractor may charge as an
> Actual Cost of the Work are subject to Owner's rights only for the Owner
> to confirm such rates, multipliers, fixed percentages or fixed amounts
> have been charged by the Contractor in accordance with this Agreement,
> and that they composition of such rates, multipliers, fixed percentages, or
> fixed amounts **are not subject to audit by Owner**. (emphasis added)

     3.5     The Contract's General Conditions at GC-23(B) outline the **only** bases
for which Howell may withhold payment from Skanska:

     i.     Defective work not remedied;

     ii.     Claims filed or reasonable evidence indicating probable filing of
such claims unless security acceptable to the Owner and Lender
is provided by the Contractor;

COMPLAINT FOR DECLARATORY
JUDGMENT – 3
177183.4 / 022968.34



999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

iii.     Failure of the Contractor to make payments properly to Subcontractors or for labor, materials or equipment;

iv.     Reasonable evidence that the Work cannot be completed for the balance of the Contract Sum then unpair and/or in conformance with the Contract Time or that such unpaid balance would not be adequate to cover the actual or liquidated damages for the anticipated delay;

v.     Damage to the Owner or to another contractor;

vi.     Previous payments in excess of the value of the work in place at the time of such payment;

vii.     Default of the Contractor in the performance of the terms and/or conditions of the Contract;

viii.     Failure to receive appropriate lien and claim releases from the Contractor and Subcontractors (in the forms acceptable to the Owner attached as Exhibits I-1 through I-8);

ix.     The Contractor's negligence or failure to perform its obligations under the Contract Documents;

x.     Failure of the Contractor to provide record documents, or failure to keep record documents on a monthly basis;

xi.     The Contractor's failure to provide materials and Subcontractor lists prior to its initial application for payment; and

xii.     The Contractor's failure to provide and update the Project Schedule for the Work.

Withholding Payment due to a Contract interpretation dispute is <u>not</u> a basis for nonpayment. Howell's recourse is to invoke the Contract's dispute clause, which dispute resolution process is litigation.

3.6     The Contract's General Conditions at GC-23(C) further provide that Howell may only withhold payment from Skanska for one of the bases enumerated in GC-23(B):

If Owner does not pay the Contractor any undisputed amounts within seven days after the date established in the Contract Document, **unless the failure is due to a reason enumerated in GC-23(B) above**, then the

COMPLAINT FOR DECLARATORY
JUDGMENT – 4
177183.4 / 022968.34



999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

Contractor may, upon seven additional days written notice to the Owner and the Architect, stop the work until payment in the amount owing has been received. (emphasis added).

### b. Howell's Improper Refusal to Pay Skanska According to the Contract

3.7 Contrary to and in breach of the Contract, Howell has unilaterally decided that Skanska would not be paid fee in addition to the Base Fee on the Self-Perform Line Items, even though such additional fee is included in the Self-Perform Line Item figures and, thus, included in the GMP. Howell is withholding payment from Skanska of fee included in the GMP on this basis.

3.8 Skanska, on numerous occasions, has referenced Howell to the Contract's Exhibit C where these scopes of work are broken down by line item and include fee as all of the other line items. Howell withheld $1,389,771 in fee earned on the Self-Performed Line Items. Skanska has notified Howell in writing that the nonpayment of fees on Self-Performed Line Items that Skanska has undisputedly performed is a material breach.

3.9 Skanska has billed for the work using the labor rates agreed to as "Actual Costs" enumerated in the Contract's Exhibit D. Howell, contrary to and in breach of the Contract, has unilaterally determined that the "Actual Costs" of the work are something different than those rates defined at Exhibit D and agreed to by the Parties. Howell has decided that the "Actual Costs" should be a different, lower amount.

3.10 Skanska informed Howell that this withholding was improper pursuant to the Contract's GC-20 and Exhibit D (cited above in paragraph 3.4). Skanska informed

COMPLAINT FOR DECLARATORY
JUDGMENT – 5
177183.4 / 022968.34



Howell that pursuant to the Contract GC-20, those rates are considered "Actual Rates" not subject to audit, and that withholding of payment of those rates was improper and a material breach of Contract. Howell withheld $666,626 in progress payments on the ostensible basis that the rates are inapplicable.

3.11    This dispute between the Parties has been ongoing for approximately six months. Skanska has made significant efforts to resolve this dispute without suspending performance or commencing litigation. In October 2018, Skanska proposed that Howell make the payments under a reservation of rights and agreed to submit the dispute to an expedited dispute resolution process, as provided in the Contract.

3.12    Skanska believed this compromise to be reasonable because at the time, 11 months remained on the Contract and the unpaid balance of the Contract was over $91,000,000 of work to be paid for on the Project. Therefore, more than sufficient security existed (both in money and time) to protect Howell should the dispute resolution process result in a credit to Howell. Howell declined, and discussions of a resolution have broken down.

3.13    As of January 7, 2019, the undisputed sums withheld from Skanska totaled $2,056,397. Therefore, on January 7, 2019, after negotiations regarding the undisputed amounts due and owing stalemated, Skanska advised Howell that in accordance with GC-23(B) (cited above in paragraph 3.6) that it was providing a seven (7) day notice that it would suspend work until payment in the amount owing had been received. Skanska in this declaratory judgement action is seeking a decision from the

COMPLAINT FOR DECLARATORY
JUDGMENT – 6
177183.4 / 022968.34



Ahlers
Cressman &
Sleight PLLC
999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

Court, per the Parties' Contract permitting Skanska to suspend performance until payment of the withheld sums is made.

3.14    The senior representatives of Skanska and Howell have met to resolve the disputes between the parties.  The dispute could not be resolved.

3.15    On February 1, 2019, Howell released $538,000 of the withheld sums to Skanska.  A total of $1,517,501 in undisputed sums remains withheld.

3.16    Concurrent with the filing of this action, Skanska has demanded mediation pursuant to the Contract.

### IV.    CAUSE OF ACTION – DECLARATORY JUDGMENT

4.1    The allegations of the foregoing paragraphs are incorporated herein by reference.

4.2    An actual controversy exists between Skanska and Howell regarding the Parties' respective rights and obligations under the Contract.

4.3    Pursuant to 28 U.S.C. § 2201 Skanska is entitled to a declaration as a matter of law as to the rights and obligations of the Parties under the Contract.

4.4    The declaratory relief sought includes declarations that (a) the only bases for which Howell may withhold payment from Skanska are those enumerated at the Contract's General Conditions, GC-23(b); (b) Howell withholding payment from Skanska on a basis not enumerated in GC-23 allows Skanska to suspend performance on the Project until paid; and (c) Skanska is entitled to earn fee on the line items outlined in

COMPLAINT FOR DECLARATORY
JUDGMENT – 7
177183.4 / 022968.34



Ahlers
Cressman &
Sleight PLLC
999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023

1  the Contract's Exhibit D irrespective of whether the work was self-performed or

2  performed by a trade subcontractor.

## V.   PRAYER FOR RELIEF

Based on the foregoing, Skanska requests the following relief:

a.      Declaration consistent with the pleadings herein.

b.      For an award of all money damages legally available as a result of

Howell's breaches, acts, and/or omissions.

c.      For an award of all damages recoverable under the Contract.

d.      For an award of pre-judgment and post-judgment interest.

e.      For an award of attorneys' fees and other litigation costs.

f.      For all other relief that this Court deems just and equitable.

DATED:  This 19th day of March, 2019.

**AHLERS CRESSMAN & SLEIGHT PLLC**

By: *s/Scott R. Sleight*
    John P. Ahlers, WSBA #13070
    john.ahlers@acslawyers.com
    Scott R. Sleight, WSBA #27106
    scott.sleight@acslawyers.com
    Ceslie A. Blass, WSBA #51140
    ceslie.blass@acslawyers.com
    999 Third Avenue, Suite 3800
    Seattle, WA  98104
    Phone:  (206) 287-9900
    Fax: (206) 287-9901
    *Attorneys for Plaintiff*
    *Skanska USA Building Inc.*

COMPLAINT FOR DECLARATORY
JUDGMENT – 8
177183.4 / 022968.34



999 THIRD AVE, SUITE 3800 SEATTLE, WA 98104-4023