UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SKANSKA USA BUILDING INC., <br><br> Plaintiff, <br><br> v. <br><br> 1200 HOWELL STREET LLC, <br><br> Defendant. | CASE NO. C19-0402JLR <br><br> ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Plaintiff Skanska USA Building Inc.'s ("Skanska") complaint. (Compl. (Dkt. # 1).) The court has reviewed Skanska's complaint, and finds that Skanska has failed to allege an adequate basis for the court's subject matter jurisdiction. The court, therefore, ORDERS Skanska within seven (7) days of the date of this order to serve and file a submission providing the following information:

Skanska asserts two grounds for the court's subject matter jurisdiction: (1) the Declaratory Judgment Act, 28 U.S.C. § 2201, and (2) diversity of citizenship under 28

ORDER - 1

U.S.C. § 1332. (Compl. ¶ 1.1.) As explained below, these allegations are insufficient for two reasons.

First, the Declaratory Judgment Act does not provide an independent basis for federal subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *see also Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) ("[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction . . . ."). Rather, the Act vests a district court with discretion to hear an action which is already within its jurisdiction. *See* 28 U.S.C. § 2201(a). Thus, Skanska's first ground for asserting the court's subject matter jurisdiction is inadequate.

Second, for purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332, the court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a). Skanska alleges that Defendant 1200 Howell Street, LLC ("Howell") is a Washington limited liability company with its principal place of business in King County, Washington. (Compl. ¶ 2.2.) Yet, Skanska fails to allege the domicile of any of Howell's members. (*See generally id*.) Absent allegations of the domicile of all of Howell's members, the court cannot determine if Skanska has properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

---

[1] The court also notes that if any member of Howell is itself a limited liability company, Skanska must provide information about the citizenship of that member as well, which is determined in the same manner described above—by establishing the domicile of each member of that limited liability company. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a

Accordingly, the court ORDERS Skanska to show cause why this case should not be dismissed for lack of subject matter jurisdiction. If Skanska fails to provide the court with the information described above within seven (7) days of the date of this order, the case will be dismissed without prejudice. If Howell appears in this proceeding prior to the foregoing deadline, it may, but is not required to, respond to the court's order to show cause within the same timeframe.

Dated this 26th day of March, 2019.

JAMES L. ROBART
United States District Judge

---

limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of limited liability company membership has been reduced to the domicile of its individual members.